## Eugene Ackerman, Sheriff, etc., Minnie R. Spaulding et al., Exrs., etc., v. Jesse Arbaugh et al.

1. FRAUDULENT CONVEYANCES—*What are Not to be Regarded as Such.*—A father owned land, and prior to the rendition of a judgment against him he sold it to his sons and executed and delivered to them a bond for a deed of it which was duly recorded and possession of it taken by the sons prior to the recovery of the judgment against the father. They agreed to pay him for the land as the purchase price of it the sum of $6,000. There was no evidence that the land was worth more than $6,000, or that the father did not have an abundance of property left to pay his debts after conveying the land in question to his sons. *Held*, that the conveyance was not fraudulent.

**Bill in Aid of an Execution.**—Error to the Circuit Court of White County; the Hon. PRINCE A. PEARCE. Judge, presiding. Heard in this court at the August term, 1901. Affirmed, Opinion filed October 21, 1901.

THOMAS J. SMITH and R. L. ORGAN, attorneys for plaintiffs in error.

ORGAN & ASHLEY, attorneys for defendants in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

On the 21st day of May, 1897, defendant in error, Jesse Arbaugh, executed certain promissory notes aggregating $400, to one J. B. Tibbets. These notes were duly indorsed to one L. C. Garwood. Garwood died testate, and plaintiffs in error Minnie R. Spaulding and Maria Garwood, were duly appointed and qualified as executrices of said Garwood's will. In due course, as such executrices, they brought suit on the Arbaugh notes and obtained judgment. Execution was issued on the judgment and placed in the hands of plaintiff in error Ackerman, who was then sheriff of White county. Ackerman proceeded to levy on certain real estate as the property of said Jesse Arbaugh, and was about to advertise and sell the same in satisfaction of the judgment. This real estate had once been owned by Jesse Arbaugh, but prior to the rendition of the judgment against him he had sold it to his sons, Jesse L. Arbaugh and John W. Arbaugh, two of the defendants in error herein, and had executed to them a bond for deed, which bond was duly recorded and the purchasers in possession before judgment was rendered against their father.

At this stage, defendants in error interpose their bill in chancery against plaintiff in error Ackerman, as sheriff, setting up in the bill many immaterial charges, but setting up also the material matter that Jesse L. Arbaugh and John W. Arbaugh were the owners of, and in possession of the land levied on, and praying for an injunction restraining the sheriff from selling the land in pursuance of his levy. Plaintiffs in error Spaulding and Garwood, as executrices, appeared and petitioned the court to be made parties defendant with the sheriff. The prayer of the petition was granted, and they answered, charging, among other things, that the conveyance by Jesse Arbaugh to his sons, Jesse L. Arbaugh and John W. Arbaugh, was made without consid-

eration and for the fraudulent purpose of hindering and delaying creditors.

Upon final hearing the court rendered a decree in behalf of defendants in error Jesse L. Arbaugh and John W. Arbaugh, perpetually enjoining the sheriff from selling the land levied on. No relief is granted in behalf of defendant in error Jesse Arbaugh.

The undisputed evidence is, that before the judgment was rendered Jesse L. and John W. had bought the land of their father and agreed to pay as purchase price the sum of $6,000. There is no evidence that the land was worth more than $6,000, nor that the father did not have an abundance of property left to pay all his debts after conveying this to his sons. There is no evidence of bad faith nor proof of fraud in this record.

The decree of the Circuit Court is affirmed.